United States Bankruptcy Court

Northern District of Florida

Chancellor, Trustee,
    Plaintiff

Dorand,
    Defendant

Adv. Proc. No. 21-03013-KKS

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 1129-3 | User: jhawkins | Page 1 of 2 |
| Date Rcvd: Nov 03, 2021 | Form ID: oriso | Total Noticed: 5 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 05, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| ust | + | Mary Ida Townson, United States Trustee, Region 21, 110 E. Park Ave., Suite 120, Tallahassee, FL 32301-7729 |
| dft | + | Rodney Dixon Dorand, 58 Dunetop Terrace, Santa Rosa Beach, FL 32459-5144 |
| pla | + | Sherry F. Chancellor, Trustee, Law Office of Sherry F. Chancellor, 619 West Chase Street, Pensacola, FL 32502-4711 |
| dft | + | SunTrust Bank now Truist Bank, Attn: Support Services, PO Box 85092, 306-40-06-10, Richmond, Va 23285-5092 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| ust | + | Email/Text: ustpregion21.TL.ecf@usdoj.gov | Nov 03 2021 23:23:00 | United States Trustee, 110 E. Park Avenue, Suite 128, Tallahassee, FL 32301-7728 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| ust | | UST MeetingCalendarMaintenance |
| dft | | James R. Salter |
| dft | | Mallory D. Salter |

TOTAL: 3 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Nov 05, 2021      Signature:      /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 3, 2021 at the address(es) listed below:

District/off: 1129-3                  User: jhawkins                    Page 2 of 2
Date Rcvd: Nov 03, 2021               Form ID: oriso                    Total Noticed: 5

**Name**                **Email Address**

Nicholas Heath Wooten
    on behalf of Plaintiff Sherry F. Chancellor  Trustee nick@nickwooten.com, linnea@nickwooten.com

TOTAL: 1

FORM oriso (Rev. 09/21)

**UNITED STATES BANKRUPTCY COURT**
Northern District of Florida
Pensacola Division

In Re: Rodney Dixon Dorand    Bankruptcy Case No.: 21−30205−KKS

Sherry F. Chancellor, Trustee
Plaintiff(s)    Adversary Case No.: 21−03013−KKS

vs

Rodney Dixon Dorand et al.
Defendant(s)

*Order Setting Scheduling Conference and*
*Requiring a Joint Report Pursuant to Rule 26(f)*

   Rule 1001 of the Federal Rules of Bankruptcy Procedure requires a "just, speedy, and inexpensive determination of every case and proceeding." To accomplish that purpose, and in accordance with Fed. R. Bankr. P. 7016, incorporating Fed. R. Civ. P. 16, and Fed. R. Bankr. P. 7026, incorporating Fed. R. Civ. P. 26, it is **ORDERED**:

   (1) **Scheduling Conference**. The Court will conduct a scheduling conference on January 11, 2022, at 10:00 AM, Eastern Time, via CourtCall. The Court may adjourn, reschedule, or change the location and manner of conducting the scheduling conference by announcement made in open Court or by separate Notice or Docket Entry.

   (2) **Meeting of Parties and Joint Report**. Pursuant to Rule 26(f), Counsel of record and any unrepresented parties shall meet and confer **twenty−one (21) days** before the scheduling conference. The parties shall file a joint report no later than **seven (7) days** prior to the scheduling conference and must be prepared to discuss their joint report with Court at the scheduling conference. The plaintiff shall initiate arrangements for the meeting and filing of the report, but the Court shall hold all parties equally responsible for ensuring that the meeting is held and the joint report is filed. The parties shall address all matters set out in Rule 26(f) in the joint report, including:

   (a) Whether the parties object to the Court's entry of a final order or judgment.[1] <u>Failure of any party to object within fourteen (14) days of the entry of this Order shall constitute consent by such party to this Court entering all appropriate final orders and judgments in this proceeding</u>. Nothing in this paragraph limits this Court's ability to determine *sua sponte* whether this proceeding is a core proceeding under 28 U.S.C. § 157(b)(3) or otherwise subject to entry of final orders or judgments by this Court;

   (b) The possibility of settlement and whether parties request a court order to attend mediation (or any other alternative dispute resolution process);

   (c) Proposed timetables and cutoff dates for the joinder of parties, amendments to the pleadings, and filing of motions and responses;

   (d) How long each party needs to conduct discovery; whether there are any current or foreseeable discovery disputes that may need Court intervention; and what, if any, changes should be made in the discovery procedures and time in the applicable Bankruptcy Rules;

---

[1] *See Wellness International Network, Ltd. v. Sharif,* 135 S. Ct. 1932 (2015).

(e) The approximate month and year the parties believe the case will be ready for trial and the time required for trial; and

(f) Any other matters the parties deem appropriate and unique to the case that may need further development by the Court, including any disputes as to the information contained in the joint report.

(3) **Discovery**. All forms of discovery are governed by the applicable Bankruptcy Rules and this Court's and the District Court's local rules, unless otherwise ordered. Parties should be mindful of all applicable discovery rules, particularly Fed. R. Civ. P. 37(a)(5) regarding the possibility of an award of attorneys' fees and costs to a party as a result of a discovery dispute.[2]

(4) **Discovery Disputes**. Counsel and any unrepresented parties shall attempt to resolve all discovery disputes without the Court's intervention. The Court will not entertain any motion raising discovery disputes unless the motion includes a certification that the moving party has conferred with opposing counsel or unrepresented party in a good faith effort to resolve the issue(s) pursuant to the applicable rules. *See Raymond James & Assocs. v. Camferdam (In re Camferdam)*, Case No. 18–30160–KKS, Adv. No. 18–03009–KKS, 2019 WL 3316133, 2019 Bankr. LEXIS 2312 (Bankr. N.D. Fla. May 15, 2019).

**DONE AND ORDERED** on November 3, 2021.

/s/ Karen K. Specie
Karen K. Specie
U.S. Bankruptcy Judge

**SERVICE BY THE COURT TO:**
Attorney(s) for Plaintiff(s)
Attorney(s) for Defendant(s)

**TELEPHONIC APPEARANCES:** It is the responsibility of each person who wishes to appear by CourtCall to do so by calling (866) 582–6878 not later than 3:00 p.m. one day prior to the hearing to schedule their appearance. In an emergency, you may contact chambers at (850) 521–5031. Failure to timely arrange a CourtCall appearance is NOT an emergency. For further instructions see our website at
http://www.flnb.uscourts.gov./sites/default/files/court_resources/telephonic_appearance_procedures.pdf.